# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>   v.<br>JUAN JOSE LARA-CANEDA (1),<br>DAVID ALEXANDER FOSTER (7),<br><br>                            Defendants. | Case No. 10CR3254-BTM<br><br>**ORDER DENYING DEFENDANTS'<br>MOTIONS TO SUPPRESS<br>WIRETAP EVIDENCE** |

On April 29, 2011, Defendant David Alexander Foster ("Foster") filed a motion to suppress wiretap evidence. On May 2, 2011, Defendant Juan Jose Lara-Caneda ("Lara-Caneda") filed a motion to join Foster's motion to suppress wiretap evidence. The Government filed its opposition on May 9, 2011. Lara-Caneda filed another motion to suppress wiretap evidence on November 28, 2011. For the reasons discussed below, Defendants' motions to suppress wiretap evidence are **DENIED**.

## I. BACKGROUND

The wiretap investigation in this case consisted of two separate periods of interception under Misc. No. 09MC390-JTM. The first period began with the application and order dated May 15, 2009, which resulted in the interception of two cellular telephones, one subscribed to by Francisco Caneda ("Target Telephone #1"), and another subscribed to by Robert Turner ("Target Telephone #2"). The second period

began with the application and order dated July 9, 2009, which resulted in the continued interception of Target Telephone #2, and the new interception of a cellular telephone subscribed to by Tammisha M. Jackson ("Target Telephone #3").

There was another wiretap investigation in this case under Misc. No. 07MC239-BEN. This period of interception involved a cellular telephone subscribed to by Dana Byers ("Target Telephone #4").

## II.  DISCUSSION

### A. Standing

Foster and Lara-Caneda assert that they have standing to challenge the wiretap evidence from Target Telephone #1, Target Telephone #2, and Target Telephone #3. Lara-Caneda also asserts that he has standing to challenge the wiretap evidence from Target Telephone #4.

A defendant may move to suppress evidence obtained through electronic surveillance "only if his privacy was actually invaded; that is, if he was a participant in an intercepted conversation, or if such conversation occurred on his premises." 18 U.S.C. §§ 2518(10)(a) and 2510(11); United States v. King, 478 F.2d 494, 506 (9th Cir. 1973) (citing Alderman v. United States, 394 U.S. 165, 176 (1969)).

Lara-Caneda was a party to the intercepted conversations from Target Telephone #1 and Target Telephone #4. But Lara-Caneda was not a participant in any of the intercepted conversations from Target Telephone #2 or Target Telephone #3. Thus, Lara-Caneda only has standing to challenge the wiretap evidence from Target Telephone #1 and Target Telephone #4.

As for Foster, he only participated in the intercepted conversations from Target Telephone #2 and Target Telephone #3. Accordingly, Foster only has standing to challenge the wiretap evidence from those two telephones.

//
//

B. **Necessity**

Foster and Lara-Caneda argue that the wiretap applications for the targeted telephones failed to meet the "necessity" requirement of 18 U.S.C. §§ 2518(1)(c) and 2518(3)(c).

An application for an order authorizing a wiretap must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c); see also 18 U.S.C. § 2518(3)(c). This showing of "necessity" is required before a district court can issue a wiretap order. United States v. Carneiro, 861 F.2d 1171, 1176 (9th Cir. 1988). When reviewing necessity, a "common sense approach" is used to evaluate the reasonableness of the government's good faith efforts and decision on whether or not to use traditional investigative tactics. United States v. Rivera, 527 F.3d 891, 902 (9th Cir. 2008). The government may establish necessity for a wiretap by showing that traditional investigative procedures (1) have been tried and failed; (2) reasonably appear unlikely to succeed if tried; or (3) are too dangerous to try. Id. at 903 n.3. A court reviews the issuing judge's decision that the wiretaps were necessary for an abuse of discretion. Carneiro, 861 F.2d at 1176.

Foster and Lara-Caneda contend that the Government failed to demonstrate necessity because it did not attempt enough traditional investigative techniques before applying for the wiretap authorizations. For example, undercover agents were not used before the May 15, 2009 wiretap application for Target Telephone #1 was submitted. Undercover agents, witness interviews, mail cover requests, search warrants and grand jury subpoenas were not used before the May 15, 2009 wiretap application for Target Telephone #2 was submitted. In addition, undercover agents, witness interviews, stationary surveillance and grand jury subpoenas were not used before the July 9, 2009 wiretap application for Target Telephone #2 and Target Telephone #3. Finally, undercover agents, witness interviews, search warrants, trash searches and grand jury subpoenas were not used before the April 26, 2007 wiretap application for Target

Telephone #4 was submitted.  But "law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap."  Id. (internal citations omitted).  A careful review of each wiretap application indicates that a variety of traditional investigative methods were utilized, including confidential informants (for Target Telephones #1, #2, #3 and #4), administrative subpoenas (for Target Telephone #3), physical surveillance (for Target Telephones #1, #2, #3 and #4), stationary surveillance (for Target Telephones #1, #2, #3 and #4), tracking devices (for Target Telephone #4), and pen register and trap, trace and toll records (for Target Telephones #1, #2, #3 and #4).  Other traditional investigative methods were also considered but not used, including undercover agents (for Target Telephones #1, #2, #3 and #4), search warrants (for Target Telephones #1, #2, #3 and #4), witness interviews (for Target Telephones #1, #2 and #3), grand jury subpoenas (Target Telephone #3) and trash searches (for Target Telephone #4).  The Government explains in detail in each of its wiretap affidavits that these unused investigative methods reasonably appeared unlikely to succeed if tried. See United States v. Gonzalez, Inc., 412 F.3d 1102, 1114 (9th Cir. 2005) (government could prove necessity if it reasonably attested that unused tools were unlikely to succeed).  Although there may still have been other traditional investigative techniques that the Government could have used, this showing of the techniques that the Government did use and/or consider is sufficient to meet the "necessity" requirement.

Foster and Lara-Caneda also argue that the Government failed to demonstrate necessity because its investigation had experienced repeated successes with the other traditional investigative methods.  But the Government explains in each of its wiretap affidavits that despite some success due to the investigative methods that were utilized, there were also case-specific limitations that prevented them from accomplishing the goals of its investigation without the wiretap authorization.  To show that other investigative methods have been "tried and failed," the affidavit must reveal that normal investigative techniques, employed in a good faith effort, have failed to make the case within a reasonable period of time.  United States v. Spagnuolo, 549 F.2d 705, 710 (9th

4

10CR3254-BTM

Cir. 1977). The Government provides sufficient detail about how the investigative methods were exhausted and how such methods reasonably appeared unlikely to succeed in accomplishing the goals of its investigation.

**C.  Minimization**

Foster and Lara-Caneda question whether the Government employed sufficient measures to minimize the interception of conversations from Target Telephone #1, Target Telephone #2 and Target Telephone #3.

Wiretapping must be conducted in such a way as to minimize the interception of communications not otherwise subject to interception. 18 U.S.C. § 2518(5). Minimization requires that the government adopt reasonable measures to reduce to a practical minimum the interception of conversations unrelated to the criminal activity under investigation while permitting the government to pursue legitimate investigation. Rivera, 527 F.3d at 904 (quotation marks and citations omitted). The minimization techniques used do not need to be optimal, only reasonable. Id. Whether the government has conducted a wiretap in compliance with the statutory minimization requirement will depend on the facts and circumstances of each case. Id. The government has the burden to show proper minimization. Id. Because Foster and Lara-Caneda do not challenge the admission into evidence of any intercepted conversations on the ground that those conversations should have been minimized, the Court only examines whether the Government has shown a *prima facie* case of compliance with the minimization requirement. Id.

The Government states that all monitoring agents were required to attend briefings prior to the initiation of each of the two 30-day periods of interceptions. At these briefings, the agents were instructed not to intercept private conversations that were non-criminal in nature and not to intercept privileged conversations. A guidance memorandum was prepared by Assistant United States Attorney Todd W. Robinson in connection with the May 15, 2009 wiretap of Target Telephone #1 and Target Telephone #2, and the July 9, 2009 wiretap of Target Telephone #2 and Target Telephone #3. For

each period of interception, all agents were required to read the corresponding guidance memorandum discussing minimization procedures, as well as the affidavits and court orders authorizing the interception of wire communications. A copy of the guidance memorandum was maintained in the monitoring room during each period of interception. The Government has also provided statistics from the Federal Bureau of Investigation's database regarding the breakdown of all intercepted conversations, showing the number of completed calls intercepted, the number of pertinent calls, the number of calls that were less than two minutes in duration, and the number of calls that were minimized.

The record submitted by the Government has demonstrated that it has complied with the minimization requirements as set forth in 18 U.S.C. § 2518(5) and there is no need for an evidentiary hearing on this issue.

### III.  CONCLUSION

For the reasons discussed above, Defendants' motions to suppress wiretap evidence are **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 26, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

6

10CR3254-BTM